UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------  x
STANLEY CAVIENSS,                                                 :
                                                                 :
                                    Plaintiff,                   :
                                                                 :
              v.                                                 :         25-CV-1268 (SFR)
                                                                 :
CONNECTICUT DEPARTMENT OF SOCIAL                                 :
SERVICES *et al*,                                                :
                                                                 :
                                    Defendants.                  x
---------------------------------------------------------------

## MEMORANDUM & ORDER

Self-represented plaintiff Stanley Cavienss seeks damages, declaratory, and injunctive

relief under 42 U.S.C. § 1983 from Defendants Connecticut Department of Social Services

("DSS"), the Office of Child Support Services ("OCSS"), Magistrate Judge William Strada,

as well as several Doe defendants. United States Magistrate Judge Richardson issued a Ruling

and Recommendation ("R&R") recommending dismissal of the Complaint with leave to file

an amended complaint. Cavienss timely objected. For the reasons stated below, I sustain

Cavienss' objection as to his motion to proceed *in forma pauperis* and grant that motion. I

overrule his objection as to the sufficiency of the Complaint and dismiss the Complaint with

leave to amend.

## I.    BACKGROUND

Cavienss filed a Complaint on August 8, 2025. Compl., ECF No. 1. Cavienss also

moved for leave to proceed *in forma pauperis*. ECF No. 2. I referred the case to United States

Magistrate Judge Richardson to conduct an initial review pursuant to 28 U.S.C. § 1915. ECF

No. 8. Judge Richardson issued an R&R analyzing the sufficiency of the Complaint on August

18, 2025. Rec. Ruling on Init. Rev. of Compl. ("R&R"), ECF No. 10. Cavienss timely objected to the R&R. Pl.'s Obj. to Mag. Judge's Rec. Ruling ("Pl.'s Obj."), ECF No. 11.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72, "[a] district judge may refer a case-dispositive matter such as a motion for summary judgment to a magistrate judge, but 'only for recommendation, not for decision.'" *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)). After the magistrate judge issues an R&R, a party may "object to the R&R, in whole or in part." *Id.* "[A]ny part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Id.* (quoting *Arista Recs.*, 604 F.3d at 116). Throughout, I am obliged to give "special solicitude" to litigants who proceed without the assistance of an attorney. *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023). I must construe *pro se* pleadings liberally "to raise the strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006), and afford lenience in applying procedural rules, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

## III.    DISCUSSION

The R&R recommended denying without prejudice the motion to proceed *in forma pauperis* ("IFP"). ECF No. 9. And the R&R recommended dismissing the entire Complaint with leave to replead. R&R 5. Cavienss timely objected on both fronts. I address each issue in turn.

### A.    Recusal

Cavienss's objection can be fairly read to seek recusal of Magistrate Judge Richardson. *See, e.g.*, Pl.'s Obj. 8, 15; *id.* at 21 (stating "Plaintiff respectfully requests that Magistrate Judge

Richardson recuse himself immediately and this case be reassigned"). But I see no basis for recusal. "Litigants are entitled to an unbiased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Cavienss appears to suggest that Judge Richardson demonstrated bias by citing in the R&R to rulings in cases that Cavienss has previously brought in this District. Pl.'s Obj. 15 (citing *Cavienss v. Norwalk Transit Dist.*, No. 3:21 CV 1694 (MPS), 2023 WL 8070842 (D. Conn. Mar. 3, 2023). But it is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554 (1994). Moreover, Judge Richardson does not appear to have played any role in Cavienss's prior cases: rather, Cavienss merely challenges Judge Richardson's decision to cite to prior rulings by Chief Judge Shea or Magistrate Judge Spector. Thus, to the extent Cavienss seeks recusal, that request is denied.

## B.    IFP Ruling

The R&R recommended denying without prejudice the motion to proceed *in forma pauperis* ("IFP") because Plaintiff had submitted an incomplete affidavit of indigency. ECF No. 9. In particular, the R&R noted that Cavienss failed to explain how he met the $800 in monthly obligations with the $200 in income he received each month. Cavienss responds that he misunderstood the IFP form. Pl.'s Obj. 11. Cavienss states that he listed his monthly obligations rather than his actual monthly expenses. *Id.* Cavienss further states that he is "unemployed and homeless." *Id.*

On *de novo* review, I agree that Cavienss has presented sufficient information to be excused from paying the filing fee in this action. I therefore reject the R&R insofar as it recommended denying the IFP application without prejudice and GRANT Cavienss's Motion for Leave to Proceed IFP, ECF No. 2.

### C.    Sufficiency of the Complaint

The R&R observes that the Complaint appears to assert claims on behalf of several family members other than Cavienss. R&R 3. The R&R recommended dismissal of all Plaintiffs other than Stanley Cavienss because Cavienss, as a non-attorney, cannot represent any other person's interests. *Id.* Cavienss does not respond to this argument. *See* Pl.'s Obj. I see no clear error in this recommendation: accordingly, Cavienss may assert claims only on behalf of himself. All other Plaintiffs are dismissed from this action.

Next, the R&R analyzed the Complaint's claim against The Connecticut Department of Social Services ("DSS"), which includes a request for "a preliminary and permanent injunction against continued enforcement of Case #10436282." Compl. 5. The R&R recommended dismissal of the claim against DSS because federal courts generally lack jurisdiction to enjoin family court proceedings. R&R 3-4. Cavienss does not challenge the R&R's analysis of abstention.

Even had Cavienss properly objected to the R&R, I must abstain from exercising jurisdiction where a complaint seeks to enjoin ongoing proceedings to enforce child support obligations.[1] Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction "only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their

---

[1] Although not raised in the R&R, the Complaint makes clear that the state court proceedings were ongoing at the time the Complaint was filed on August 8, 2025. *See* Compl. 5 (requesting "a preliminary and permanent injunction against continued enforcement of Case # 10436282"); *Gristina v. Merchan*, 131 F.4th 82, 87 (2d Cir. 2025) ("A civil proceeding is pending if further state appellate remedies are available at the time of filing the federal complaint."), *cert. denied*, 146 S. Ct. 248 (2025).

judicial functions." *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022).[2] Despite the mandatory nature of *Younger* abstention, federal courts may intervene in a state proceeding upon a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. These exceptions are construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.* at 53.

Abstention is warranted here because the Complaint explicitly seeks a "preliminary and permanent injunction against continued enforcement" of child support obligations pending in state court. Compl. 5. Thus, the Complaint challenges "the state courts' ability to perform their judicial functions," *Cavanaugh*, 28 F.4th at 432, because it implicates "the *processes* by which the State compels compliance with the judgments of its courts," *Gristina v. Merchan*, 131 F.4th 82 (2d Cir. 2025) (citation and internal quotation marks omitted). *See generally Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 428 (2d Cir. 2015) (observing that "there is no discernible disagreement that orders relating to the selection and compensation of court-appointed counsel for children are integral to the State court's ability to perform its judicial function in divorce and custody proceedings"); *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No. 20CIV9784PGGJW, 2022 WL 901660, at *15 (S.D.N.Y. Mar. 28, 2022) (collecting cases concluding that *Younger* abstention warranted

---

[2] If a case fits within one of the three categories described above, courts may also consider whether abstention is warranted by applying the *Middlesex* factors, which analyze whether "there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges." *Cavanaugh*, 28 F.4th at 432 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "[T]hese conditions are not dispositive; they are, instead, *additional* factors appropriately considered by the federal court before invoking *Younger*." *Cavanaugh*, 28 F.4th at 432 (citation and internal quotation marks omitted; alterations adopted).

5

where plaintiff sought to intervene in child support proceedings); *Tomczyk v. New York Unified Ct. Sys.*, No. 19-CV-2753(JS)(AYS), 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019) ("[T]his Court abstains under *Younger* from interfering in Plaintiff's ongoing state-court proceedings, involving divorce and child support issues."). Because the Complaint challenges ongoing state proceedings that implicate an important state interest—that is, enforcing child support obligations ordered by family court—and the state court offers an adequate forum for Cavienss to present his federal challenges to those orders, I conclude that the Complaint's claim for declaratory and injunctive relief must be dismissed. I grant Cavienss leave to amend to attempt to plead facts to demonstrate that "extraordinary circumstances" exist that present a basis to enjoin the ongoing state court proceedings. *Younger*, 401 U.S. at 53.

In addition to the claims against DSS, the Complaint also asserts claims against the Office of Child Support Services ("OCSS"), which is an office within DSS. Compl. 1. The R&R recommended dismissing the Complaint's claims against OCSS with prejudice because they are duplicative of the claims against DSS. R&R 3 n.1. Cavienss responds that "child support enforcement creates enforceable rights under federal law." Pl.'s Obj. 2. But Cavienss does not suggest that OCSS harmed him in any way that is independent from his claim against DSS. However, to the extent Cavienss believes he can cure this defect through further amendment, he may amend the complaint to describe how—if at all—his claims against OCSS differ from those against DSS.

Finally, although the R&R acknowledged that the Complaint named other Defendants whom it accused of "fraud," the R&R recommended dismissal because the Complaint failed

to describe how any other Defendant collaborated with DSS to harm Plaintiff. R&R 5.[3]

Cavienss's objection is lengthy but does not present a cogent response to this recommendation.

Even under *de novo* review, I see no basis to depart from the R&R. If Cavienss believes he can

cure this defect through repleading, he may file an Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

I decline to adopt the R&R insofar as it recommends denial of Plaintiff's Motion to

Proceed *In Forma Pauperis*. The Motion to Proceed IFP, ECF No. 2, is GRANTED.

With the one exception noted above with respect to the claims against OCSS, the R&R

is adopted with respect to its analysis of the sufficiency of the Complaint. All Plaintiffs other

than Stanley Aron Cavienss are dismissed from the action. The Complaint is dismissed with

leave to amend as to all Defendants named in the Complaint. Plaintiff may file an Amended

Complaint on or before May 22, 2026. If Plaintiff does not file an Amended Complaint by that

deadline, the Court will close this case.

---

[3] It appears that the Complaint seeks money damages to remedy the claims of fraud. *See* Compl. 5-6. Because the R&R properly concludes that the Complaint fails to state a claim for fraud, it does not analyze whether Defendants can be sued for damages. Nonetheless, I observe that the state agency Defendants (DSS and OCSS) are entitled to sovereign immunity, whereas the judicial officers named in the Complaint are entitled to absolute immunity. Perhaps anticipating this impediment, Cavienss's objection states "that fraud and misrepresentation by state officials pierce sovereign immunity under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908)." Pl.'s Obj. 4. But that is not the law. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("As a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment."); *Brown v. Nassau Cnty. First Dist. Ct. Clerk's Off.*, No. 23-CV-6453 (EK)(ST), 2025 WL 2146009, at *2 (E.D.N.Y. July 29, 2025) ("Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under [Section] 1983.") (quoting *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018)).

**SO ORDERED.**

New Haven, Connecticut
April 20, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge